1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT FOR THE
6              EASTERN DISTRICT OF CALIFORNIA
7

| | |
|---|---|
| 8 UNITED STATES for the use of<br>MAGCO DRILLING, INC., | )     1:08-CV–1396 AWI SMS<br>) |
| 9 | )     **ORDER CLOSING CASE IN**<br>)     **LIGHT OF THE PARTIES'S** |
| **Plaintiff**, | )     **RULE 41(a) VOLUNTARY**<br>)     **DISMISSAL WITH** |
| 10 **v.** | )     **PREJUDICE**<br>) |
| 11 | ) |
| **TRI-TECHNIC, INC., and FIDELITY**<br>12 **AND DEPOSIT COMPANY OF**<br>**MARYLAND,** | )<br>)<br>) |
| 13 | ) |
| | ) |
| 14 **Defendant**. | ) |
| 15 _____ | ) |

16

17      On May 5, 2009, the parties filed a stipulation for dismissal of this case with prejudice

18 pursuant to Federal Rule of Civil Procedure 41(a)(1).  The notice is due to a settlement of this

19 case between the parties and is signed by all parties who have appeared.

20      Rule 41(a)(1), in relevant part, reads:

21      (A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a
        notice of dismissal before the opposing party serves either an answer or a motion
22      for summary judgment; or (ii) a stipulation of dismissal signed by all parties who
        have appeared. . . . (B) Unless the notice or stipulation states otherwise, the
23      dismissal is without prejudice.

24 Rule 41(a)(1)(A)(ii) thus allows the parties to dismiss an action voluntarily, after service of an

25 answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared,

26 although an oral stipulation in open court will also suffice.  See Carter v. Beverly Hills Sav. &

27 Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th

28 Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or made

1  in open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro.

2  41(a)(1)(A); Eitel, 782 F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Rule

3  41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and

4  does not require judicial approval."  In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v.

5  A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG,

6  377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074,

7  1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)

8  (addressing Rule 41(a)(1)(i) dismissals).

9      As the parties have filed a stipulation for dismissal of this case under Rule 41(a)(1) that is

10  signed by all parties who have made an appearance, this case terminated on May 5, 2009.  See

11  Fed. R. Civ. Pro. 41(a)(1)(A)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see

12  also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111

13  F.3d at 692.

14

15      Therefore, IT IS HEREBY ORDERED that the Clerk is to CLOSE this case in light of

16  the parties's filed and properly signed Rule 41(a)(1)(A) Stipulation Of Dismissal with prejudice.

17

18  IT IS SO ORDERED.

19  **Dated:    December 1, 2009**              _/s/ Anthony W. Ishii_
20                                   CHIEF UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28                                   2